UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES TERRY, | ) | 1:12-cv-01388 MJS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | (Doc. 1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. | ) | TO ASSIGN DISTRICT COURT JUDGE |
| _____ | ) | TO THE PRESENT MATTER |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on August 23, 2012. He is currently incarcerated at United States Penitentiary Atwater. Petitioner admitted that "On March 14, 1997, in Hillsborough County, Florida, the defendant [Petitioner here] delivered heroin to Demian Gordon who in turn delivered the heroin to Justin Hayden and George Bakun. As a result of their use of this heroin, Justin Hayden and George Bakun died." United States v. Terry, 2004 U.S. Dist. LEXIS 31271 (M.D. Fla. Dec. 22, 2004). Petitioner plead guilty to the charge, and after temporarily fleeing to Mexico, he was sentenced on November 12, 1998 to life in prison. Id. Petitioner presents two claims in his petition. First, he asserts that he was not informed at trial that if he plead guilty he would be held accountable for the actions of the crimes of Damion Gordon. He claims that he is innocent of the sentencing enhancement

based on death of the victims since he did not directly provide them with the heroin, but instead delivered it to Gordon who sold it to the victims. Second, Petitioner asserts that he was sentenced past the statutory maximum of 20 years and that his sentence therefore is illegal.

## I.  SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II.  JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his

1 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the
2 sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In
3 such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not
4 collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas
5 corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.
6 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in
7 the sentencing court, while petitions that challenge the manner, location, or conditions of a
8 sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843
9 F.2d at 1162.

10       In contrast, a federal prisoner challenging the manner, location, or conditions of that
11 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
12 Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality
13 of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to
14 § 2255 and not a habeas petition pursuant to § 2241.

15       The Ninth Circuit has recognized a narrow exception allowing a federal prisoner
16 authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion
17 under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v.
18 United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952,
19 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id.
20 Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May,
21 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to
22 render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears
23 of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage,
24 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden
25 is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United
26 States, 315 F.2d 76, 83 (9th Cir. 1963).

27       The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape
28 hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had

an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner fails to meet either of these requirements. In this case, he challenges the validity and constitutionality of a  federal sentence imposed by a federal court, not an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner has not claimed that he lacked an unobstructed opportunity to present his claims in his § 2255 motion and he must now raise them by way of a § 2241 petition. Instead, he states that he may be procedurally barred to proceed by way of a § 2255 petition. Petitioner's argument is without merit. Petitioner has filed several § 2255 motions and was granted the opportunity to file a second § 2255 motion with the sentencing court. He has had numerous opportunities to present the claims he now raises, and does not provide sufficient reason as to why he could not have presented the claims earlier.

On December 22, 2004, the United States District Court for the Middle District of Florida denied Petitioner's second or successive motion under § 2255. United States v. Terry, 2004 U.S. Dist. LEXIS 31271 (M.D. Fla. Dec. 22, 2004). Petitioner had previously filed a first motion under § 2255 in 1999, which was denied as his appeal was still pending. Id. Petitioner filed a second motion in December, 2000, and was denied in August, 2001. Id. In March, 2003, Petitioner requested permission from the circuit court leave to file a second or successive § 2255 petition, which was granted based on Petitioner's assertions that he was erroneously sentenced as a career offender. Id. Upon review the district court denied the motion, and found that Petitioner has misrepresented the factual circumstances of his conviction as he was not sentenced as a career offender. Terry, 2004 U.S. Dist. LEXIS 31271.

On April 12, 2011, the United States District Court for the Middle District of Florida again denied a § 2255 motion brought by Petitioner. In the order, the court referenced several orders in which the court denied motions from Petitioner attempting to challenge his conviction filed after the December, 2004 order. United States v. Terry, M.D. Fla., Case No. 8:97-cr-273-T-

23TBM, ECF No. 193.) Petitioner has had sufficient opportunity to present the claims by way of a § 2255 motion. Therefore, Petitioner had an unobstructed procedural shot to present his claims and does not qualify under the savings clause.

Additionally, although Petitioner asserts his innocence, his claims of innocence are not supported by credible evidence. Petitioner claims his sentence was based on the fact that his distribution of drugs resulted in two deaths that are actually attributable to another person. However, Petitioner has not provided credible evidence as to why the deaths are not legally attributable to him; instead he simply, and erroneously, asserts that he had nothing to do with the deaths. Further, even if he was not responsible for the deaths, he has not shown that he is innocent of the underlying drug charges.

In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). See also Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000). Petitioner only asserts that the sale of drugs for which he was convicted did not cause the deaths of the victims. Petitioner has not provided evidence that he is factually innocent of any criminal behavior, and therefore his claim of innocence fails.

Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

### III.   RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

These Findings and Recommendations are submitted to the assigned United States

1  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
2  304 of the Local Rules of Practice for the United States District Court, Eastern District of
3  California. Within thirty (30) days after being served with a copy, Petitioner may file written
4  objections with the Court. Such a document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's
6  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections
7  within the specified time may waive the right to appeal the District Court's order. Martinez v.
8  Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.
11  Dated:     September 18, 2012            /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE