UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TERRY, | 1:12-cv-01388-LJO-MJS |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 13) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 15, 2012, the undersigned denied the petition on the merits. On November 26, 2012, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

-1-

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Petitioner does not set forth any argument or evidence that has not already been considered by this Court. Petitioner again argues that he is actually innocent of the charges as he did not actually distribute the heroin to the individuals who died from its use. Instead, as Petitioner admits, the factual basis of the plea agreement was that Petitioner delivered the drugs to Damion Gordon who in turn delivered the drugs to two individuals who died from the use of the heroin. (See Mot. For Reconsideration at 7.) While admitting that Petitioner was in the chain of distribution of the heroin that resulted in the deaths of two users, he maintains his innocence as he did not personally deliver the drugs to the two individuals who died.

The Court previously addressed Petitioner's arguments raised in the motion for reconsideration. Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623. Furthermore "'actual innocence' means factual innocence, not mere legal insufficiency." Id. Here, Petitioner plead to the factual basis of the crime, and does not deny that he distributed drugs to Gordon who then distributed the drugs to two individuals who died from using the drugs. While Petitioner did not personally deliver the drugs to the end users, he has made an insufficient showing that

1  he is actually innocent of delivering drugs that eventually caused the deaths of two people.
2  Petitioner's arguments present no basis for the Court to reconsider its order.
3        Accordingly, Petitioner's motion for reconsideration is DENIED.

6  IT IS SO ORDERED.

7  **Dated:   March 29, 2013**          **/s/  Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

-3-