IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES TERRY,** | Case No. 1:12-cv-01388-LJO-MJS |
| Petitioner, | **ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY** |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.)

On October 31, 2012, this Court dismissed the petition and declined to issue a certificate of appealabilty. (Order, ECF No. 12.) Judgment was entered the same day.

On November 26, 2012, Petitioner filed a motion for reconsideration. (ECF No. 13.) Two months later, on January 24, 2013, he filed a notice of appeal. (ECF. No. 15.) On March 19, 2013, the Ninth Circuit ordered that his appeal be held in abeyance pending resolution of the motion. (ECF No. 18.)

The Court denied Petitioner's motion for reconsideration on March 29, 2013. (ECF No. 19.) However, Petitioner then filed a second motion for reconsideration on August 23, 2013. (ECF No. 23.) On September 4, 2013, the Ninth Circuit denied Petitioner's

1  request for a certificate of appealability and denied all pending motions as moot. (ECF
2  No. 24.)

3       This Court then, on October 30, 2013, denied Petitioner's second motion for
4  reconsideration. (ECF No. 26.) Petitioner proceeded to file two more motions for
5  reconsideration. Both were denied. (ECF Nos. 27-29.)

6       Petitioner now proceeds with his second appeal. On January 28, 2014, the Ninth
7  Circuit remanded the matter to this court for the purpose of granting or denying a
8  certificate of appealability. (ECF No. 33.)

9       A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
10 district court's denial of his petition; an appeal is only allowed in certain circumstances.
11 Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining
12 whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as
13 follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

On October 15, 2012, this Court dismissed Petitioner's petition with prejudice and declined to issue a certificate of appealability. The Court based its dismissal on the fact that Petitioner had not demonstrated Section 2255 constituted an "inadequate or ineffective" remedy for raising his claims and therefore found that Section 2241 was not the proper avenue for raising Petitioner's claims. In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. The Court again finds that Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES issuance of a certificate of appealability.

IT IS SO ORDERED.

Dated:  **February 10, 2014**           /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

3